**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID HENDERSON and | § | |
| KATHY HENDERSON, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0492-L |
| | § | |
| WELLS FARGO BANK NA, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order of Reference*, Doc. 5, the undersigned now considers Defendant's *Motion to Dismiss*, Doc. 4. For the reasons that follow, Defendant's motion should be **GRANTED**.

**I.   BACKGROUND**

On March 12, 2004, Plaintiffs David Henderson and Kathy Henderson executed a note ("the Note") in favor of First Franklin Financial Corporation in the amount of $160,000, secured by a deed of trust ("Deed of Trust"), to purchase the property located at 628 Regalwood Drive, Desoto, Texas 75115 (the "Property"). Doc. 4-1. Subsequently, on June 2, 2015, the Property was sold at a non-judicial foreclosure sale to Defendant Wells Fargo Bank NA for $150,067.29. Doc. 4-2 at 2-3. On January 29, 2016, Plaintiffs brought this action against Defendant alleging wrongful foreclosure of the Property. Doc. 1-4 at 2-3. On February 22, 2016, Defendant removed the case to this Court. Doc. 1.

## II. APPLICABLE LAW AND ANALYSIS

### A. Plaintiffs' Objection to Defendant's Exhibits is overruled.

Plaintiffs object to any consideration by the Court of the Deed of Trust, Substitute Trustee's Deed, and compilation of Dallas County Appraisal District ("DCAD") data submitted by Defendant in support of its motion to dismiss. Doc. 8 at 9-12. Specifically, Plaintiffs "make no challenge as to the authenticity" of the documents, but challenge "whether the content of those writings are accurate and without dispute and whether the content of those writings constitute inadmissible hearsay." Doc. 8 at 10. Plaintiffs' objection is overruled.[1]

A court generally cannot look beyond the pleadings in deciding a 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). A recorded deed of trust, a recorded substitute trustee's deed, and tax assessor records are matters of public record subject to judicial notice. *See Starling v. JPMorgan Chase Bank, N.A.*, No. 3:13-CV-777-M-BN, 2013 WL 4494525, at *3 (N.D. Tex. Aug. 22, 2013) (Lynn, J.) ("the Deed of Trust and Assignment were publicly recorded . . . and therefore are matters of public record"); *Bryant v. JP Morgan Chase Bank*, No. 3:12–CV–2650–M, 2013 WL 664708, at *3 (N.D. Tex. Feb. 4, 2013) (Ramirez, J.) (substitute trustee's deed considered matter of public record that can be judicially noticed). *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 758 (N.D. Tex. 2012) (Lynn, J.) (DCAD data is considered a matter of public record that can be judicially noticed).

---

[1] The question of whether such documents can be judicially noticed is distinct from whether their content conclusively establishes any fact and what weight, if any, should be given them.

**B.  Plaintiffs' Petition Fails to State a Claim**

Defendant argues that Plaintiffs have failed to adequately allege or offer factual enhancement for the elements of wrongful foreclosure: specifically, that (1) the Property sold for a "grossly inadequate sales price;" and (2) there was a causal connection between the alleged defects and the sales price.  Doc. 4 at 4.  Plaintiffs respond that their complaint clearly meets the notice pleading requirements because it provides a short, concise statement of their claim for wrongful foreclosure under Texas law and specifies conduct by Defendant, including its failure to hold a public auction as required under the Texas Property Code, which caused Plaintiffs' damage.  Doc. 8 at 4.  Upon review, the Court finds that Plaintiffs have failed to state a claim for wrongful foreclosure.

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection

between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008).

> In the instant case, the substance of Plaintiffs wrongful foreclosure claim is as follows:
>
> Prior to conducting a wrongful foreclosure, Defendant failed to provide proof of any assignment of the note or deed of trust for the Homestead, despite multiple requests from Plaintiffs for verification. Defendant failed to provide Plaintiffs with an opportunity to cure any default alleged by Defendant, prior to initiating the foreclosure procedure, by failing to provide documentation to support Defendant's claim that it was the rightful payee for the note securing the Homestead. Defendant failed to conduct a public auction for the Homestead at the Dallas County Courthouse as required by TEX. PROP. CODE § 51.002. In addition, Defendant failed to provide statutory notice of the foreclosure sale to Plaintiffs in compliance with TEX. PROP. CODE § 51.002. Accordingly, the Court should set aside the Substitute Trustee's Deed executed on June 9, 2015, and affirm Plaintiffs' right to possession of the Premises…As a result of the Defendant's conduct outlined above, Plaintiffs have suffered actual, special and consequential damages in excess of this Court's minimum jurisdictional limits for which it now sues.

Doc. 1-4 at 3-4.

While the Petition alleges defects in the foreclosure proceedings, that alone, is insufficient to state a claim for wrongful foreclosure. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, J.) (to state a claim for wrongful foreclosure, a plaintiff must allege a connection between a defect in the foreclosure proceeding and a grossly inadequate sales price). Moreover, contrary to Plaintiffs' suggestion, they have not alleged the existent of any facts from which the Court can reasonably infer that the Property was sold at a grossly inadequate price as a result of the alleged defects in the foreclosure proceedings, as is minimally required to prevail on a claim of wrongful foreclosure. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Twombly,* 550 U.S. at 56).

Accordingly, Plaintiffs' wrongful foreclosure claim should be **DISMISSED**.

### C. Leave To Amend

Plaintiffs request leave to amend, pursuant to Federal Rule of Civil Procedure 15(a), should the Court determine that their Petition is subject to dismissal. Doc. 8 at 9. Defendant opposes the grant of leave to amend, arguing that Plaintiffs' wrongful foreclosure claim fails as a matter of law because they cannot in good faith allege a "grossly inadequate sales price" since the Substitute Trustee's Deed and DCAD records conclusively negate that element of Plaintiffs' claim. Doc. 10 at 7.

The time for Plaintiffs to amend their complaint as a matter of right has expired. FED. R. CIV. P. 15(a)(1) (setting a 21-day limit for moving to amend following service of a motion to dismiss). Nevertheless, Rule 15(a)(2) allows a party to amend its pleadings with leave of court, which the court should "freely give … when justice so requires." A district court has broad discretion in deciding whether to grant leave to amend, and the Fifth Circuit has long recognized that Rule 15(a) evinces a liberal amendment policy. *See Lowery v. Texas A & M University System*, 117 F.3d 242, 245 (5th Cir. 1997). Thus, leave to amend should be granted almost as a matter of course unless there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; or (4) the proposed amendment is futile. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, Plaintiffs have not amended their complaint since the case was removed to this Court; there is no evidence of any undue delay, bad faith or dilatory motive on Plaintiffs' part; and Defendant will not be prejudiced by permitting amendment at this early stage of the case. Further, the Court disagrees that leave to amend would be futile. While the Court may look to the DCAD valuation of the Property as a matter of public record, it cannot be deemed conclusive

where Plaintiffs suggest that it does not adequately represent the true value of the Property, Doc. 8 at 10, and they are not permitted to amend their complaint to include factual enhancement supporting their contentions.  *See Twombly*, 550 U.S. at 555, 563 ("once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint;" however, such facts must "raise a right to relief above the speculative level"). Indeed, had Plaintiffs adequately pled that a grossly inadequate selling price resulted from the procedural defects in the foreclosure proceedings, this Court would have been bound to consider as true their non-speculative factual allegations in support when determining the motion *sub judice* -- regardless of the county tax assessor's valuation of the Property.

Under these circumstances, that the selling price of the Property was not inadequate has not been established as a matter of law and, consequently, the Court cannot conclude that granting leave to amend would be futile.  Accordingly, Plaintiffs motion for leave to amend should be **GRANTED**.  *See, e.g., Hurd*, 880 F.Supp.2d at 769 (finding plaintiff failed to state a wrongful foreclosure claim, but leaving open the possibility of granting leave to amend upon the proper motion).

### III.   CONCLUSION

For the reasons stated above, Defendant's *Motion to Dismiss*, Doc. 4, should be **GRANTED** and Plaintiffs' wrongful foreclosure claim against Defendant should be **DISMISSED WITHOUT PREJUDICE**.  If, however, within 14 days of District Judge Lindsay's Order accepting this recommendation, Plaintiffs fail to amend their complaint to cure the deficiencies noted herein, at the re-urging of Defendant, Plaintiffs' wrongful foreclosure

claim should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on August 15, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE