IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID HENDERSON and § | |
| KATHY HENDERSON, § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-0492-L-BK |
| § | |
| WELLS FARGO BANK NA, § | |
|     Defendant. § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Order of Reference*, Doc. 5, this case was referred to the United States magistrate judge for pretrial management. On August 15, 2016, the undersigned issued Findings, Conclusions and Recommendation, Doc. 13, on Defendant's *Motion to Dismiss*, Doc. 4. The Court found that Plaintiffs failed to state a claim of wrongful foreclosure, and recommended that if Plaintiffs failed to amend their complaint to correct the deficiencies within 14 days, their sole claim of wrongful foreclosure be dismissed with prejudice. Doc. 13, *passim*.

On August 29, 2016, Plaintiffs filed an *Amended Complaint*, Doc. 14. Because the *Amended Complaint* also fails to state a viable claim of wrongful foreclosure, it is again recommended that Defendant's *Motion to Dismiss* be **GRANTED**, and Plaintiffs' claim be **DISMISSED WITH PREJUDICE**.

**I. Applicable Law and Analysis**

To reiterate, in order to state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the two. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008). A grossly inadequate price is one so low that it would "shock a

correct mind." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 n.12 (5th Cir. 2013) (quoting *Richardson v. Kent*, 47 S.W.2d 420, 425 (Tex. Civ. App. – Dallas 1932, no writ)). Additionally, the Court of Appeals for the Fifth Circuit has noted that most Texas courts reject a claim of gross inadequacy where the property sells for more than sixty percent of the property's fair market value. *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990).

While Plaintiffs have alleged defects in the foreclosure proceedings, they nevertheless have failed to state facts sufficient to establish a grossly inadequate selling price. Thus, like their original Complaint, Plaintiffs' Amended Complaint does not "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

First, Plaintiffs contend that, *inter alia*, the fair market value of the property is at least $188,000, because Plaintiffs or some other party would have bid "substantially greater" than the $150,067.29 sale price at a public foreclosure sale. Doc. 14 at 4. Because such allegations are conclusory and speculative, the Court is not required to accept them as true. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (the court cannot "accept as true conclusory allegations or unwarranted deductions of fact"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations are true even if doubtful in fact."). Second, even if the property was worth at least $188,000, as Plaintiffs claim, the foreclosure sale price of $150,067.29 is still approximately eighty percent of that value—a price well above sixty

percent and which would not "shock a correct mind." *Martins*, 722 F.3d at 256; *Blanton*, 918 F.2d at 531.

### III. Conclusion

For the reasons stated above, it is again recommended that Defendant's *Motion to Dismiss*, Doc. 4, be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 1, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE