IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID HENDERSON and** § | |
| **KATHY HENDERSON,** § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. **3:16-CV-492-L** |
| § | |
| **WELLS FARGO BANK, N.A.,** § | |
| § | |
| Defendant. § | |

### ORDER

On September 1, 2016, the magistrate judge entered Supplemental Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Supplemental Report") (Doc. 15), which the court construed as a *sua sponte* motion to dismiss Plaintiffs' wrongful foreclosure claim under Texas law. On September 16, 2016, Plaintiffs responded to the *sua sponte* motion to dismiss as directed by the court. In their response, Plaintiffs contend that dismissal under Federal Rule of Civil Procedure 12(b)(6) of their wrongful foreclosure claim is not appropriate because the motion is "based on the faulty premise that a statement in Plaintiffs['] complaint that Defendant alleges an approximate sales price should be taken as evidence of the actual sales price, or that Plaintiffs allege a particular sales price," although Plaintiffs dispute Defendant's allegation regarding the sale price and they allege that no legal or public foreclosure sale took place and, as a result, "the 'sales price' was $0.00." Pls.' Resp. 2. In other words, Plaintiffs contend that the alleged sales price of the property at issue was grossly inadequate because no amount of money was paid or exchanged in the foreclosure of the property. Plaintiffs assert that discovery may ultimately prove them wrong, but a

*sua sponte* motion to dismiss under Rule 12(b)(6) should not be granted based on Defendant's allegation regarding the amount of the purchase or sales price, which is in dispute.

Given the disputed fact identified by Plaintiffs, which is consistent with their pleadings, the court agrees that the matters raised in the *sua sponte* motion to dismiss under Rule 12(b)(6) and Plaintiffs' pleadings are better suited for a motion for summary judgment or trial in which competent evidence outside the pleadings can be considered by the court after the parties have had an opportunity to conduct discovery. Accordingly, the court **denies** as premature the *sua sponte* motion to dismiss under Rule 12(b)(6) (Doc. 15).

**It is so ordered** this 5th day of October, 2016.

*[signature]*
Sam A. Lindsay
United States District Judge