IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID HENDERSON and KATHY HENDERSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:16-CV-492-L |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Plaintiff[s'] First Amended Complaint (Doc. 20), filed October 19, 2016. After careful consideration of the motion, response, reply, pleadings, and applicable law, the court **grants** Defendants' Motion to Dismiss Plaintiff[s'] First Amended Complaint; and **directs** Plaintiffs to file an amended pleading by **October 24, 2017**.

**I.       Factual and Procedural Background**

This action arises from a dispute regarding the foreclosure of real property located at 628 Regalwood Drive, Desoto, Texas 75116 (the "Property"). On January 29, 2016, Plaintiffs David Henderson ("Mr. Henderson") and Kathy Henderson ("Mrs. Henderson") (collectively, "Plaintiffs") filed this action against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") in the 68th Judicial District Court of Dallas County, Texas, for wrongful foreclosure of the Property. On February 22, 2016, Defendant removed this action to the district court for the Northern District of Texas on grounds that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Memorandum Opinion and Order - Page 1**

On March 12, 2004, Plaintiffs executed a note (the "Note") in favor of First Franklin Financial Corporation in the amount of $160,000, secured by a deed of trust ("Deed of Trust") (collectively, the "Mortgage") to purchase the Property.[1] On June 9, 2015, Shelley Ortolani executed a Substitute Trustee's Deed, which states that on June 2, 2015, the Property was sold at a nonjudicial foreclosure sale. Plaintiffs allege that Defendant did not conduct a public auction of the property, as they were present at the George L. Allen, Sr. Courthouse on June 2, 2015, during the time of the alleged foreclosure sale, and the Property was not offered for sale. Further, Plaintiffs allege that before the foreclosure "Defendant failed to provide Plaintiffs with an opportunity to cure any default alleged by Defendant, prior to initiating the foreclosure procedure, by failing to provide documentation to support Defendant's claim that it was the rightful payee for the note securing the [Property], or the precise amount allegedly owed." Pls.' First Am. Compl. ¶ 22.

## II. Rule 12(b)(6) Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content

---

[1] A court may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Defendant requests that the court take judicial notice of the Note, Deed of Trust, and the Substitute Trustee's Deed. Plaintiffs do not object to taking judicial notice of the Note and Deed of Trust; however, they do object to taking judicial notice of the entire Substitute Trustee's Deed. The court takes judicial notice of the Note and Deed of Trust attached to Defendant's Motion to Dismiss Plaintiff[s'] First Amended Complaint as Exhibit A. The court declines to take judicial notice of the Substitute Trustee's Deed at this time because the accuracy of the document is in question. Moreover, the court has not relied on the document while deciding whether to grant Defendant's Motion to Dismiss Plaintiff[s'] First Amended Complaint.

**Memorandum Opinion and Order - Page 2**

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court

**Memorandum Opinion and Order - Page 3**

in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Discussion

Defendant contends that Plaintiffs fail to state a claim for wrongful foreclosure. Specifically, Defendant contends that Plaintiffs' wrongful foreclosure claim fails because Plaintiffs are still in possession of the Property. Further, Defendant contends that Plaintiffs did not plead that they have tendered the amount due on the loan, which precludes rescission of a foreclosure sale.

#### A. Wrongful Foreclosure

To state a claim for wrongful foreclosure, a plaintiff must allege facts from which the court can reasonably infer the following: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). "[A] party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'" *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (quoting *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013).

Plaintiffs state that they reside at the Property. Pl.'s First Am. Compl. ¶ 5. As Defendant correctly notes, recovery of damages for wrongful foreclosure is premised upon one's lack of possession of the subject property. *See Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (Boyle, J.) ("Because recovery [for wrongful foreclosure] is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure.") (citation omitted).

Plaintiffs do not allege that they ever lost possession of the Property, and, thus, Plaintiffs have not shown that they can recover damages for wrongful foreclosure.

B. Rescission

Although wrongful foreclosure damages are not appropriate, a plaintiff may be entitled to equitable relief:

> The recovery of damages is not appropriate, however, where title to the property has not passed to a third party and the borrower's possession of the property has not been materially disturbed. *See Janes v. CPR Corp.,* 623 S.W.2d 733, 738 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *see also Peterson v. Black,* 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.). Where the note holder obtains title to the property at the foreclosure sale and the borrower retains possession, the proper remedy is to set aside the trustee's deed and to restore the borrower's title, subject to the note holder's right to establish the debt owed and foreclose its lien. *See Janes,* 623 S.W.2d at 738. The reason for this is that "the law undertakes to award just compensation—no more and no less—for the injuries sustained." *See Howard,* 85 S.W.2d at 989. If the borrower's possession has not been disturbed and no third party rights to the property have been created, the borrower has suffered no compensable injury. *See Peterson,* 980 S.W.2d at 823.

*Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594 (Tex. App.—Dallas 2012, no pet.).

Defendant concedes that the "*Robinson* case does leave open the possibility of equitable relief," Def. Reply in Supp. of Mot. to Dismiss 2. Defendant, however, contends that Plaintiffs are not entitled to have the foreclosure sale set aside because they have not alleged that they have tendered the borrowed funds back to the lender. The court agrees. *See Willoughby v. Jones*, 251 S.W.2d 508, 509-10 (Tex. 1952) (holding that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("[A] necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note."); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied) (holding

that because the plaintiff failed to tender the amounts due and owing under the note and deed of trust, he was not entitled to set aside the sale or rescission).[2] The court therefore concludes that Plaintiffs have failed to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons herein stated, the court **grants** Defendant's Motion to Dismiss Plaintiff[s'] First Amended Complaint (Doc. 20); however, the court will allow Plaintiffs the opportunity to replead their claims with the requisite specificity in accordance with the standard herein set forth.[3]

The court directs Plaintiffs to file an amended pleading and address the deficiencies identified herein by **October 24, 2017**. As this will be the second amendment to Plaintiff's pleadings, the court will allow no further amendments. Failure to plead in accordance with the standards herein set forth may result in dismissal for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) of the Federal Rules of Civil Procedure, or dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant may file a second motion to dismiss if they have adequate grounds that the pleadings are deficient.

**It is so ordered** this 10th day of October, 2017.

Sam A. Lindsay
United States District Judge

---

[2] Defendant quotes these cases in its Reply in Support of [the] Motion to Dismiss Plaintiff[s'] First Amended Complaint. The court's use of these cases is not a wholesale adoption of Defendant's argument because they come from an earlier opinion issued by this court. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095 at *5 (N.D. Tex. 2012) (Lindsay, J.).

[3] Plaintiffs' Amended Complaint sometimes puts an "s" on "Defendant," which indicates that there is more than one defendant. The court believes this is an error and instructs Plaintiffs to clarify the portions of their pleadings that refer to Wells Fargo as "Defendants."